## Elder v. Elder

*Charles W. Wolf*, for plaintiff.

SHEELY, P.J., November 2, 1961.—In this divorce action we are confronted with an unusual problem. Plaintiff's complaint in divorce was personally served upon defendant and notice of the time and place fixed by the master for hearing the matter was properly given both to plaintiff and defendant. Defendant did not appear. Plaintiff's counsel did appear and asked for a continuance to a date certain. At the continued date, no one appeared, but plaintiff's counsel called the master and stated that he had been unable to locate plaintiff and requested an indefinite continuance, which was granted. After several months, plaintiff's counsel informed the master that he had been unable

to locate plaintiff and requested the master to return the record to the court.

Under these circumstances, it would seem at first glance that the case should be dismissed for failure to prosecute. However, by the Act of March 18, 1909, P. L. 35, 12 PS §648, it is provided that "No judge in the court of common pleas of this Commonwealth shall enter a nonsuit, of its own motion, by reason of the fact that the attorneys of record have failed to appear when the case is called for trial," and by Pa. R. C. P. 218 it is provided that when a case is called for trial, if one party is ready and the other is not ready a nonsuit may be entered on motion of defendant, or plaintiff may proceed to trial, as the case may be, and if no party is ready for trial when a case is called, the court shall strike the case from the trial list. See Local Rule No. 125. In this case, there is no motion by defendant for a nonsuit; defendant herself did not appear, so that the situation is that neither party was ready for trial and all that the court can do is to strike the case from the trial list and to cancel the appointment of the master.

And now, November 2, 1961, it is ordered and decreed that the appointment of John A. MacPhail, Esq., as master in this case be cancelled and the record returned to the office of the prothonotary. It is further ordered that from the deposit made by plaintiff to the prothonotary there be paid the sum of $25 to John A. MacPhail, Esq., and the sum of $3 to Nina G. Storrick, reporter, and that any unpaid costs of the prothonotary or the sheriff be paid from the balance.